NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50306 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-01236-R-TJH-2 |
| v. | |
| CHARLES DWIGHT RANSOM, Jr., AKA CJ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Charles Dwight Ransom, Jr., appeals pro se from the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's orders and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

As Ransom acknowledged in the district court, he did not fully exhaust his administrative remedies prior to filing his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (a defendant may not file a compassionate release motion in the district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). While the government does not raise this argument on appeal, it timely raised an exhaustion objection in the district court. In an opinion issued by this court after the district court's decision, we made clear that a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust. *See United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

Unlike in *Keller*, the error here was not harmless because, in denying Ransom's motion on the merits, the district court appears to have impermissibly treated U.S.S.G. § 1B1.13 as binding. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (though a district court may treat U.S.S.G. § 1B1.13 as

instructive, it may not treat it as binding in assessing a compassionate release motion filed by a prisoner). Accordingly, we vacate the district court's orders denying Ransom's motion for compassionate release and subsequent motion for reconsideration, and remand for the court to dismiss Ransom's motions without prejudice.

This decision is without prejudice to Ransom filing a new, fully exhausted motion for compassionate release on remand. If Ransom files such a motion, the district court should follow the guidance provided by this court in *Keller* and *Aruda*, but we express no opinion as to whether it should grant relief.

The government's motion to supplement the record is denied without prejudice to any arguments it wishes to make should Ransom file a new motion for compassionate release in the district court.

**VACATED and REMANDED.**